IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WONDERLAND SWITZERLAND AG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-cv-00354-JPM |
| v. ) | |
| ) | |
| EVENFLO COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART EVENFLO'S MOTION TO STAY AND ORDERING THE PARTIES TO ENGAGE IN LIMITED DISCOVERY**

Before the Court is Defendant Evenflo Company, Inc.'s Motion to Stay Pending Appeal of Related Case, filed on May 23, 2023. (ECF No. 17.) The Motion is **GRANTED IN PART**.

I.    **BACKGROUND**

  A.  **Factual Background**

The Court has previously summarized the factual background of this case as follows:

This is an action under United States patent law, 35 U.S.C. §§ 100 *et seq*. Plaintiff Wonderland Switzerland AG ("Wonderland") alleges that Defendant Evenflo Company, Inc.'s ("Evenflo") ALL4ONE and ALL4ONE DLX 4-in-1 Convertible Car Seats infringe its patent. (ECF No. 1 ¶ 62–90.) Specifically, Wonderland alleges that Evenflo has infringed and continues to infringe at least one claim of U.S. Patent No. 7,625,043 ("the '043 Patent"). (Id.)

The Parties have previously engaged in related litigation in this district in which Wonderland has alleged that Evenflo infringed its patents. Wonderland Switzerland AG v. Evenflo Company, Inc., 1:18-cv-01990-RGA (D. Del) [hereinafter "Evenflo I"]; Wonderland Switzerland AG v. Evenflo Company, Inc., 1:20-cv-00727-JPM (D. Del) [hereinafter "Evenflo II"].

Wonderland's allegations in Evenflo I involved patents and accused products that are not at issue in the instant action. See Evenflo I. Following a bench trial,

> judgment was entered in favor of Wonderland, and an appeal is currently pending. Evenflo I, ECF No. 223.
>
> Wonderland's allegations in Evenflo II involved the same patent at issue in the instant action, the '043 Patent, as well as a second patent not at issue in the instant action, but related to different accused products. Evenflo II, ECF No. 1. Following a jury trial, the jury returned a verdict in Wonderland's favor finding that all of the accused products infringed both of the patents at issue but that Evenflo's infringement was not willful. Evenflo II, ECF No. 208. . . .
>
> The Parties agree that the ALL4ONE and ALL4ONE DLX Car Seats have certain relevant features identical to the EveryFit and EveryKid Car Seats at issue in Evenflo II. The Parties agree that if the claim construction and judgment of Evenflo II remain undisturbed following appeal that the ALL4ONE and ALL4ONE DLX will infringe the '043 Patent and the only questions in the instant action will be those of willfulness, damages, and remedies. (ECF No. 14 at PageID 2047; ECF No. 17 at PageID 2074.)

(ECF No. 22 at PageID 2124–25.) Evenflo has stipulated that the ALL4ONE and ALL4ONE DLX car seats "are only colorably different from the EveryKid and EveryFit car seats adjudicated in" Evenflo II and has agreed that the permanent injunction entered in Evenflo II should apply to the ALL4ONE and ALL4ONE DLX car seats in the instant action. (ECF No. 27 at PageID 2179–80.)

**B. Procedural Background**

Evenflo filed its instant Motion to Stay Pending Appeal of Related Case on May 23, 2023. (ECF No. 17.) Wonderland filed its Answering Brief in Opposition on June 6, 2023. (ECF No. 26.) The Court held a Status Conference on June 16, 2023, during which it permitted the Parties to file additional briefs and a proposed order regarding whether the Court should authorize limited discovery. (ECF Nos. 29, 30.)

Evenflo filed its Brief Renewing its Request for a Stay and Opposing Wonderland's Request for Limited Discovery and its accompanying Declaration on July 7, 2023. (ECF Nos. 31, 32.) Wonderland filed its Brief in Support of Limited Discovery on July 7, 2023. (ECF No. 33.)

Wonderland filed its Answering Brief on July 14, 2023.  (ECF No. 33.)  Evenflo filed its Answering Brief on July 14, 2023.  (ECF No. 40.)  The Parties filed a Joint Proposed Schedule on July 14, 2023.  (ECF No. 36.)

## II.    LEGAL STANDARD

The decision whether to grant a stay is generally committed to the district court's discretion. Cost Bros., Inc. v. Travelers Indem. Co., 760 F.2d 58, 60–61 (3d Cir. 1985) (collecting cases).  In considering whether to grant a stay, courts in this district consider "(1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."  f'real Foods, LLC v. Welbilt, Inc., No. 19-1028-CFC, 2019 WL 5626857, at *2 (D. Del. Oct. 31, 2019) (collecting cases).

## III.   ANALYSIS

Evenflo argues that the instant case should be stayed pending appeal of Evenflo II.  (ECF No. 17.)  Evenflo argues that the relevant features of the Accused Products in the instant case are identical to the relevant features of the products at issue in Evenflo II, and allowing the instant case to proceed before appeals are exhausted in Evenflo II would "waste party and judicial resources."  (Id. at PageID 2071.)  Evenflo concedes that any determination regarding infringement of the Accused Products in Evenflo II would apply equally to the accused products in the instant case, and argues that that progression of the instant case would be wasteful.  (Id. at PageID 2074–75.)  Evenflo further argues that the litigation is in its very early stages, and that neither party would suffer prejudice because of a stay.  (Id. at PageID 2075–77.)

In Response, Wonderland argues that the doctrine of claim preclusion would prevent Evenflo from relitigating liability based on Evenflo II, and that none of the remaining questions in the instant case – willfulness, damages, and remedies for sales of the ALL4ONE and ALL4ONE

3

DLX car seats – will be before the Federal Circuit on appeal. (ECF No. 26 at PageID 2165.) Wonderland argues that the case is at an advanced stage, given the fact that it is closely related to Evenflo II. (Id. at PageID 2165–66.) Wonderland further argues that because the Parties are direct competitors, and the appeal of Evenflo II may last years, it would be prejudiced if the case is stayed. (Id. at PageID 2166.)

During the Status Conference, the Parties discussed a proposal by Wonderland to engage in limited discovery. (ECF No. 30 at PageID 2190–2202.) The Parties made further arguments regarding limited discovery in their supplemental briefs. (ECF Nos. 31, 33.)

Wonderland seeks limited fact discovery related to damages and willfulness that it expects to take no more than twelve (12) weeks – ten (10) weeks for written discovery and document production, followed by two (2) weeks to complete five (5) fact depositions.[1] (ECF No. 33 at PageID 2263.) Wonderland has already served Requests for Production seeking information "relating to any revenue, profit, cost, expense, or loss" of the Accused Products, and intends to serve one or more additional Requests for Production and interrogatories seeking additional information relating to willfulness and damages. (Id. at PageID 2264.) Wonderland seeks to take the depositions of Jon Conaway, Bryan Adams, Eric Dahle, Joe Calabrese, and a Rule 30(b)(6) deponent. (ECF No. 33 at PageID 2264–67.) Wonderland argues that this limited discovery is necessary to preserve documents and witness testimony that may fade or be lost because of the passage of time or personnel changes that Evenflo might make that could render witnesses unavailable. (Id. at PageID 2262–63.)

---

[1] This timeline conflicts with the schedule that Wonderland later proposed in the Joint Proposed Discovery Schedule, which reflects 14 weeks to complete discovery. (ECF No. 36.)

Evenflo argues that Wonderland has not identified legitimate reasons for engaging in limited discovery. (ECF No. 31 at PageID 2219.) Evenflo argues that its employees could still be deposed even if they leave the company. (Id. at PageID 2220.) Evenflo also argues that the declarants Wonderland seeks to depose "are not relevant to any claim or defense in the present action" and that conducting depositions now may result in duplicative depositions being required if the Federal Circuit reverses the jury's finding of infringement in Evenflo II. (Id. at PageID 2221.) Evenflo continues to maintain that the case should be stayed in its entirety, and that no discovery should be conducted until the exhaustion of appeals in Evenflo II. (See generally id.)

### A. A stay will simplify the issues and trial of the case

The first factor the Court must consider is "whether a stay will simplify the issues and trial of the case." f'real Foods, 2019 WL 5626857, at *2.

Based on the status of this litigation and the related Evenflo II litigation, a stay will simplify the issues and trial of the case. Whether infringement by the Accused Products will be at issue in the case is entirely dependent upon the outcome of the appeals in Evenflo II. However, the questions of willful infringement and damages as they relate to the ALL4ONE and ALL4ONE DLX are unique to the instant case, and will not be directly affected by the outcome of the appeals in Evenflo II. Because the issues of willfulness and damages are dependent on infringement, the resolution of an appeal in Evenflo II will, however, affect how this case should proceed. If the judgment in Evenflo II is affirmed, then the instant case can proceed on the issues of willfulness and damages alone. If the judgment is reversed, then the parties may need to litigate the issue of infringement of the ALL4ONE and ALL4ONE DLX. In either case, a stay will simplify the issues. This factor weighs in favor of a stay.

### B. The litigation is neither in its early stages nor sufficiently progressed

The second factor the Court must consider is "whether discovery is complete and a trial date has been set." f'real Foods, 2019 WL 5626857, at *2.

Because the instant case is so closely related to the issues presented in Evenflo II, it is more advanced than its filing date would imply. The instant action was filed in March of 2023, however it is likely that at least some discovery conducted in Evenflo II will be relevant to the instant case given the overlapping issues. (ECF No. 1.) It is unclear to what extent discovery in the instant case has progressed, however Wonderland has served at least initial Requests for Production and has received at least some information from Evenflo in response. (ECF No. 33 at PageID 2264; ECF No. 30 at 2196.) However, the Parties agree that additional discovery is still needed, even if they disagree on whether that discovery should occur now or after the resolution of appeals in Evenflo II. (See generally ECF No. 30.) This factor is neutral regarding a stay.

### C. A stay would not prejudice Wonderland

The third factor the Court must consider is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." f'real Foods, 2019 WL 5626857, at *2.

Evenflo has stipulated that the Accused Products in the instant case "are only colorably different" from the Accused Products at issue in Evenflo II and that the permanent injunction issued in Evenflo II applies to the ALL4ONE and ALL4ONE DLX. (ECF No. 27.) Because the injunction in Evenflo II applies to the products in the instant action, potential prejudice to Wonderland is significantly reduced. While Wonderland may be delayed from being able to obtain money damages as the result of a stay, it will be possible to offset any prejudice from this delay through the award of pre-judgment interest, if applicable. Wonderland has not pointed to any other prejudice that it would suffer from a stay, and there is no evidence that Evenflo is seeking a stay

for tactical or unfair reasons. While Wonderland may be prejudiced by witnesses or evidence becoming unavailable through the passage of time, this can be remedied through limited discovery. This factor weighs in favor of a stay.

### D. Limited fact discovery is warranted

In its motions opposing the entry of a permanent injunction and its motions for a stay in Evenflo II, Evenflo asserted that it would have to lay off a significant portion of its staff and would likely close its Piqua, Ohio plant if a permanent injunction was entered. (See e.g., Evenflo II ECF Nos. 254, 283.) Despite this, Evenflo asserts that it has "no reason to believe that the individuals who are responsible for the design of the ALL4ONE seat will be leaving the company" and that, even if they do leave, that their testimony can still be obtained through third-party subpoenas. (ECF No. 30 at PageID 2191–92.) Courts in this district have denied stays because of the difficulty that may result from delaying depositions for a significant amount of time while a case is stayed. Cooper Notification, Inc. v. Twitter, Inc., No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2020) ("Resuming this litigation after a protracted stay would likely raise issues with stale evidence, faded memories, and lost documents. Much of the evidence [the plaintiff] must amass to prove infringement exists in the minds of witnesses, whose memories will inevitably fade, and who may be difficult to find as time passes.").

While Evenflo disputes Wonderland's assertion that the appeal of Evenflo II may take up to two years, it is likely that the appeal will take a substantial amount of time. (ECF No. 30 at PageID 2196.) Following the conclusion of appeals, the Parties will also be required to re-evaluate how they wish to proceed, locate and contact witnesses, conduct document discovery, and schedule depositions. This additional time increases the risk that certain witnesses may become difficult to locate or that their memories might fade.

Discovery limited to the issues of damages and willfulness of the ALL4ONE and ALL4ONE DLX will not place a substantial burden on the Parties at this time. It is unlikely that such discovery will be duplicative, given that damages and willfulness in the instant case will likely continue to be at issue regardless of the outcome of any appeals in <u>Evenflo II</u>. The necessity of such discovery is most likely inevitable regardless of the outcome of the appeals in <u>Evenflo II</u>, and delaying discovery will risk making it difficult or impossible to obtain testimony necessary to properly try the case while providing little to no benefit in terms of judicial economy or conservation of the Parties' resources.

### IV.   CONCLUSION

For the foregoing reasons, Defendant Evenflo Company, Inc.'s Motion to Stay Pending Appeal of Related Case, filed on May 23, 2023. (ECF No. 17) is **GRANTED IN PART**. All deadlines in this case, with the exception of those listed below, are **STAYED** until the resolution of all appeals in <u>Wonderland Switzerland AG v. Evenflo Company, Inc.</u>, 1:20-cv-00727-JPM (D. Del). The parties are **ORDERED** to engage in limited fact discovery, with the following restrictions and schedule:

1. The scope of discovery is limited to the issues of willful infringement and damages as they relate to infringement of U.S. Patent No. 7,625,043 by the ALL4ONE and ALL4ONE DLX car seats.

2. Depositions to be conducted are limited to Jon Conaway, Bryan Adams, Eric Dahle, Joe Calabrese, and an Evenflo 30(b)(6) corporate representative.

3. This limited discovery will not limit either Party's ability to conduct full fact discovery once the stay is lifted after the resolution of all appeals in <u>Evenflo II</u>.

4. The deadline for Wonderland to serve additional Requests for Production is August 4, 2023.

5. The deadline for Evenflo to serve Responses to Written Discovery Requests and to Produce Documents and Things is September 29, 2023.

6. The deadline to Complete Fact Depositions is October 27, 2023.

7. The deadline to File Motions to Compel Additional Fact Discovery is November 13, 2023.

**IT IS SO ORDERED**, this 20th day of July, 2023.

                                            s/ Jon P. McCalla
                                            JON P. McCALLA
                                            UNITED STATES DISTRICT JUDGE